Filed 6/24/22  P. v. Madrigal CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ALBERTO ESQUEDA MADRIGAL,<br><br>Defendant and Appellant. | F082545<br><br>(Super. Ct. No. SC84411A)<br><br>**OPINION** |

### THE COURT*

APPEAL from an order of the Superior Court of Kern County.  Michael G. Bush, Judge.

Jerome P. Wallingford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Melissa Lipon, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Levy, Acting P. J., Meehan, J. and DeSantos, J.

**INTRODUCTION**

In 2004, a jury convicted petitioner Alberto Esqueda Madrigal of first degree murder (Pen. Code,**1** § 187, subd. (a), count 1).**2** As to count 1, the jury found true the special circumstance that petitioner committed the murder while engaged in the commission or attempted commission of a robbery (§ 190.2, subd. (a)(17)(A)). The trial court sentenced petitioner on count 1 to a term of life without the possibility of parole, plus one year for a knife enhancement (§ 12022, subd. (b)(1)). (*People v. Madrigal* (July 27, 2005, F045882 [nonpub. opn.] (*Madrigal*).)

In 2019, petitioner filed a petition for resentencing on his murder conviction pursuant to section 1170.95. The trial court summarily denied the petition at the prima facie stage without providing a statement of reasons for why it did not issue an order to show cause.

On appeal, petitioner contends the trial court erred by denying his section 1170.95 petition without conducting an evidentiary hearing. Petitioner further contends the trial court erred in engaging in premature judicial factfinding at the prima facie stage. Additionally, petitioner contends our Supreme Court's holdings in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) substantively changed the legal meaning of "major participant" and "reckless indifference to human life" and therefore the prior special circumstance finding should not exclude him from resentencing relief as a matter of law. Lastly, petitioner contends the record of conviction does not establish he was the " 'actual killer.' "

Because the trial court did not provide a statement of reasons, the basis for its ruling is unclear. To the extent the trial court engaged in premature factfinding at the

---

**1** All further statutory references are to the Penal Code unless otherwise specified.

**2** Petitioner was convicted of additional offenses and enhancements, as described below.

prima facie stage, it erred. However, we conclude any error is harmless because the special circumstance finding establishes petitioner is ineligible for resentencing as a matter of law. Accordingly, we affirm the trial court's order denying resentencing relief pursuant to section 1170.95.

## FACTUAL AND PROCEDURAL BACKGROUND

We include a brief summary of the facts of this case taken from petitioner's direct appeal.[3]

> "On October 15, 1996, Jose Muralles was found on the floor of his carport in a pool of blood. There were signs of a struggle. Muralles's pants pocket was turned inside out and his wallet, which contained about $300, was missing. [Petitioner] was questioned soon after Muralles was found, but no charges were filed against [petitioner] or codefendant Ornelas until a criminal complaint alleging first degree murder was filed on March 19, 2002. Investigators were eventually able to employ more advanced DNA tests of blood samples taken from the victim, the scene, and from a trail of blood leading away from the victim." (*Madrigal*, *supra*, F045882.)

On September 19, 2003, the Kern County District Attorney filed a consolidated information charging petitioner with the first degree murder (§ 187, subd. (a), count 1) of Muralles with the special circumstances that the murder was committed during the commission or attempted commission of a robbery (§ 190.2, subd. (a)(17)(A)) and a burglary (§ 190.2, subd. (a)(17)(G)), along with a knife enhancement (§ 12022, subd. (b)(1)); first degree residential robbery (§ 212.5, subd. (c), count 2); and first degree burglary (§ 460, subd. (a), count 3). On June 4, 2004, a jury convicted petitioner of first degree murder (§ 187, subd. (a), count 1) and found true the robbery special

---

**3** We previously granted the People's "MOTION TO INCORPORATE RECORD IN PRIOR APPEAL BY REFERENCE PURSUANT TO RULE 8.147(b) OF THE CALIFORNIA RULES OF COURT," filed on December 10, 2021, and took judicial notice of this court's record on appeal in case No. F045882 (*Madrigal*, *supra*, F045882). We provide these facts because they were relied on by both parties in their briefs. However, we do not rely on these facts in resolving the issues presented in this appeal. (See § 1170.95, subd. (d)(3).)

circumstance (§ 190.2, subd. (a)(17)(A)), along with the knife enhancement (§ 12022, subd. (b)(1)) and first degree residential robbery (§ 212.5, subd. (c), count 2).[4] On July 2, 2004, the trial court sentenced petitioner on count 1 to a term of life without the possibility of parole, plus an additional one-year term for the knife enhancement (§ 12022, subd. (b)(1)). As to count 2, the trial court imposed the lower term of two years, but stayed the sentence pursuant to section 654.

On appeal, this court reversed petitioner's conviction on count 2 and remanded for the trial court to hold a hearing to determine whether the statute of limitations was tolled, and to dismiss the count if it was not tolled.[5] In all other respects, the judgment was affirmed. (*Madrigal*, *supra*, F045882.) Further proceedings with respect to count 2 are not contained in the record on appeal. However, an abstract of judgment filed after remand does not include count 2, suggesting count 2 was dismissed pursuant to this court's opinion. (*Ibid*.)

On November 18, 2019, petitioner, in propria persona, filed a petition for resentencing on his murder conviction pursuant to section 1170.95. In the petition, petitioner stated:

> "1.) A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, or murder under the natural and probable consequences doctrine; 2.) [a]t trial, I was convicted of 1st degree murder pursuant to the felony murder or the natural and probable consequences doctrine; 3.) I could not now be convicted of 1st degree murder because of changes made to [section] 188 and [section] 189, effective January 1st, 2019; 4.) I request that this court appoint counsel for me during this re-sentencing process; 5.) [f]or the following reasons I could not now be convicted of 1st degree murder as the

---

[4] In response to a motion to set aside the information pursuant to section 995, the trial court set aside count 3 (§ 460, subd. (a)) and struck the burglary special circumstance (§ 190.2, subd. (a)(17)(G)) as alleged in count 1.

[5] The statute of limitations for the robbery (count 2) was three years. (*Madrigal*, *supra*, F045882; see § 801.)

4

result of changes to [sections] 188 and 189:  ☑ I was not the actual killer; ☑ I did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the 1st degree; ☑ I was not a major participant in the felony, I did not act with reckless indifference to human life during the course of the crime or felony; [and] ☑ [t]he victim was not a peace officer."

As it specifically related to the underlying case, petitioner further stated he "did not intend to kill … Muralles" and that he "was in fact in fear of being stabbed by the killer himself[;] that is why he ran away to the park."  Additionally, petitioner stated he "was not even involved in the felony, his presence at the scene was merely incidental and he tried to aid the victim; [he] did not act with reckless indifference as his intervention proves his intent was to help the victim."

On December 13, 2019, the trial court appointed counsel to represent petitioner. On December 20, 2019, the People filed a motion to dismiss the petition arguing that Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) is unconstitutional.  On December 23, 2019, petitioner, through his defense counsel, filed a reply to the People's motion arguing the constitutionality of Senate Bill 1437.  On April 14, 2020, the People filed an opposition to the petition for resentencing arguing that petitioner is ineligible for relief because the jury's special circumstance finding established he was a major participant in the underlying crime and acted with reckless disregard for human life.  The People additionally argued petitioner was the actual killer in the underlying case.  On June 30, 2020, the trial court denied the People's motion to dismiss based on the unconstitutionality of Senate Bill 1437.  On March 15, 2021, petitioner filed a reply to the People's opposition to the petition for resentencing arguing petitioner had made a prima facie showing of entitlement to relief.  On March 18, 2021, the trial court summarily denied the section 1170.95 petition without providing a statement of reasons for why it did not issue an order to show cause.

A timely appeal followed.

5

## I. Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill 1437 "to amend the felony murder rule and the natural and probable consequences doctrine … to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842–843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[6] (§ 189, subd. (e); accord, *Gentile*, *supra*, 10 Cal.5th at p. 842.)

Finally, the bill added section 1170.95 to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above." (*Gentile*, at p. 843.) This procedure is available to persons convicted of "felony murder or murder

---

**6** Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

6

under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1170.95, subd. (a).)

"Section 1170.95 lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.) First, an offender must file a petition in the sentencing court averring that:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]
>
> "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]
>
> "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)–(3); see also § 1170.95, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959–960 (*Lewis*).)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition. (§ 1170.95, subd. (b)(2).) Otherwise, counsel must be appointed, if requested. (§ 1170.95, subd. (b)(3).) The prosecutor must file a response and the petitioner may file a reply. The trial court must then hold a hearing to determine if the petitioner has made a prima facie showing that he or she is entitled to relief.

(§ 1170.95, subd. (c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961–963, 967.)  In making this determination, the court may rely on the record of conviction.  (*Lewis*, at pp. 970–971.)  The record of conviction includes, but is not limited to, jury instructions and verdict forms.  (See generally *id*. at p. 972.)  However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "  (*Id*. at pp. 971–972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder[, attempted murder, or manslaughter] conviction and to resentence the petitioner on any remaining counts."  (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1170.95, subds. (c), (d)(1).)  At the hearing, the prosecution must "prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."  (§ 1170.95, subd. (d)(3).)  The prosecutor and the petitioner may offer new or additional evidence to meet their respective burdens.  The admission of evidence at the hearing is governed by the Evidence Code.  However, the court also "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed," as well as the "procedural history of the case recited in any prior appellate opinion."  (§ 1170.95, subd. (d)(3).)  Hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of section 872 is inadmissible at the evidentiary hearing, unless made admissible by another exception to the hearsay rule.  (§ 1170.95, subd. (d)(3).)

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing.  (*Lewis*, *supra*, 11 Cal.5th at pp. 972–974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

8

## II.    Analysis

On appeal, petitioner contends the trial court erred by engaging in premature judicial factfinding at the prima facie stage.  Petitioner further contends our Supreme Court's holdings in *Banks*, *supra*, 61 Cal.4th at p. 788 and *Clark*, *supra*, 63 Cal.4th at p. 522 substantively changed the legal meaning of " 'major participant' " and " 'reckless indifference to human life' " and therefore the prior special circumstance finding should not exclude him from resentencing relief as a matter of law.  Lastly, petitioner contends the record of conviction does not establish petitioner was the " 'actual killer' " and therefore he is entitled to an evidentiary hearing.

Because the trial court did not provide a statement of reasons, the basis for its ruling is unclear.  To the extent the trial court engaged in premature factfinding at the prima facie stage, it erred.  However, we conclude any error is harmless because the special circumstance finding establishes petitioner is ineligible for resentencing as a matter of law.  Accordingly, we affirm the trial court's order denying resentencing relief pursuant to section 1170.95.

### A.    Premature Judicial Factfinding at the Prima Facie Stage

Petitioner contends the trial court denied the petition based on premature factfinding at the prima facie stage.  Because the trial court denied the petition without issuing a statement of reasons as to why it decided not to issue an order to show cause, it is unclear what materials the trial court relied on and what conclusions it drew in determining petitioner is ineligible for resentencing relief.  To the extent the trial court engaged in premature judicial factfinding at the prima facie stage, the court erred. (*Lewis*, *supra*, 11 Cal.5th at p. 972.)

**B.     Any Error Was Harmless Because Petitioner Is Ineligible for Resentencing as a Matter of Law**

As stated above, to demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent the error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972–974; see *People v. Watson*, *supra*, 46 Cal.2d at p. 836.)

### i.     The Special Circumstance Finding Is Dispositive

To be eligible for relief pursuant to section 1170.95, petitioner must not have been the actual killer, must not have acted with the intent to kill or malice aforethought, and must not have been a major participant in the underlying felony who acted with reckless indifference to human life. (§§ 188, subd. (a)(3), 189, subd. (e), 1170.95, subd. (a)(3); see *Gentile*, *supra*, 10 Cal.5th at p. 842.) Here, as to the murder charge, the jury found true the robbery special circumstance (§ 190.2, subd. (a)(17)(A)). This special circumstance applies when the defendant was the "actual killer." (§ 190.2, subd. (b).) The special circumstance also applies when the defendant was not the actual killer, but had the intent to kill and aided, abetted, counseled, commanded, induced, solicited, requested, or assisted in the murder *or* aided, abetted, counseled, commanded, induced, solicited, requested, or assisted in the commission of an enumerated felony as a major participant who acted with reckless indifference to human life. (*Id.* at (c), (d).) In other words, "[t]he language of the special circumstance tracks the language of Senate Bill 1437 and the new felony-murder statutes." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 419.) By finding true the robbery special circumstance, the jury concluded petitioner was either the actual killer, *or* aided and abetted in the murder with intent to kill, *or* was a major participant and acted with reckless indifference to human life in aiding and abetting the enumerated felony. Therefore, the special circumstance finding establishes he was convicted of first degree murder under a theory that remains

10

valid under the law, as amended by Senate Bill 1437. Petitioner is unable to establish any error prejudiced his case because he is ineligible for resentencing relief as a matter of law.

Nonetheless, petitioner contends our Supreme Court's holdings in *Banks*, *supra*, 61 Cal.4th 788 and *Clark*, *supra*, 63 Cal.4th 522 substantively changed the legal meaning of "major participant" and "reckless indifference to human life" and therefore the prior special circumstance finding should not exclude him from resentencing relief. We disagree. "*Banks* and *Clark* 'clarified "what it means for an aiding and abetting defendant to be a 'major participant' in a crime who acted with a 'reckless indifference to human life.' " ' [Citation.] *Banks* identified certain factors to consider in determining whether a defendant was a major participant; *Clark* identified factors to guide the determination of whether the defendant acted with reckless indifference to human life." (*People v. Gomez* (2020) 52 Cal.App.5th 1, 13, fn. 5, review granted Oct. 14, 2020, S264033.) Courts of Appeal are split on the question of whether a special circumstance finding, or admission, entered prior to *Banks* and *Clark* renders a petitioner ineligible for section 1170.95 resentencing relief as a matter of law (see *People v. Jones* (2020) 56 Cal.App.5th 474, 478–479 [collecting cases], review granted Jan. 27, 2021, S265854), and our Supreme Court has granted review to decide the issue (*People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.], review granted Mar. 10, 2021, S266606).

This court has concluded that a special circumstance finding entered prior to *Banks* and *Clark* precludes relief as a matter of law. (*People v. Simmons* (2021) 65 Cal.App.5th 739, 748–749, review granted Sept. 1, 2021, S270048.) In so doing, we held that *Banks* and *Clark* did not state a new rule of law but rather illuminated factors a fact finder might consider in determining whether a defendant was a major contributor who acted with reckless indifference to human life. (*Ibid.*) Although we recognize review has been granted in *Simmons*, we see no reason to depart from our analysis and conclusions

11

therein. The principles illuminated in *Banks* and *Clark* existed when the jury found true the robbery special circumstance (§ 190.2, subd. (a)(17)(A)) and we have no basis to conclude the jury or the court understood these terms differently at the time of his conviction.

Lastly, petitioner contends the record of conviction does not establish that petitioner was the actual killer. Specifically, petitioner argues the jury verdict fails to conclusively establish that petitioner was the actual killer and therefore he is entitled to an evidentiary hearing on the issue of his resentencing eligibility. However, even if the jury concluded petitioner was *not* the "actual killer," the robbery special circumstance finding required them to conclude petitioner aided and abetted in the murder with intent to kill *or* was a major participant and acted with reckless indifference to human life in aiding an enumerated felony, both disqualifying factors pursuant to section 1170.95. Accordingly, petitioner is unable to establish a prima facie showing he is entitled to resentencing relief because he is ineligible as a matter of law.

## **DISPOSITION**

The order denying petitioner's section 1170.95 petition is affirmed.